UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:16-CR-055 |
| | ) |
| JEREMY KANE JONES | ) |

**MEMORANDUM AND ORDER**

The defendant pled guilty to a methamphetamine distribution offense and will be sentenced on July 25, 2017. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 426], to which the defendant filed three objections.

I.

*Objection One*

At paragraph 30, in a section captioned "Offense Behavior Not Part of Relevant Conduct," the PSR summarizes a June 2016 altercation that took place while several defendants in this case were in a holding cell awaiting their initial appearance. In relevant part, that paragraph states,

> Video footage revealed co-defendant David Sicilia and the defendant verbally confronting co-defendant Christopher Williams while in a USMS cell. Christopher Williams was seated while David Sicilia and the defendant were standing. After a short verbal confrontation, David Sicilia swung his fists approximately three times at Christopher Williams. The defendant threw a shoe towards Christopher Williams. . . . [Another codefendant stated that the defendant] was involved because he was "backing up" Sicilia.

By his first objection,

> The defendant objects to paragraph 30 of the PSR. The video shows that the Defendant did not assault Christopher Williams. Further, the video shows that the Defendant did not throw a shoe at Christopher Williams, but rather at the wall to return Christopher William's [sic] shoe to him after Williams's altercation with Sicilia. The shoe was not even close to hitting Williams.

The court has conducted an *in camera* review of the video recording. The instant defendant was standing next to codefendant Sicilia and was indeed confronting codefendant Williams in an angry manner. At no point does PSR paragraph 30 state that the defendant "assaulted" Williams. Instead, the PSR correctly identifies this defendant as part of a verbal confrontation. While reasonable minds with less demands on their limited judicial resources might perhaps debate whether the defendant threw a shoe "at" or "towards" Williams, it is apparent that the defendant's conduct was completely inconsistent with that of a person who was merely "returning" the personal property of another.

Paragraph 30 of the PSR therefore accurately describes this incident. The defendant's first objection will be overruled.

II.

*Objection Two*

By his second objection, the defendant states that he too was assaulted while in federal custody. The PSR Addendum [doc. 739] incorporates the defendant's allegation, and the issue is therefore moot.

2

Case 2:16-cr-00055-DCLC-CRW   Document 748   Filed 07/20/17   Page 2 of 3
PageID #: 5329

## III.

### *Conclusion*

For the reasons provided herein, the defendant's first objection to his PSR is **OVERRULED** and his second objection is **OVERRULED AS MOOT**. The defendant's third objection, pertaining to application of guideline section 2D1.1(b)(1), will be resolved by the court at sentencing following presentation of the parties' arguments and proof. Sentencing remains set for July 25, 2017, at 10:15 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge